IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| HENRY EDWARD RAYFORD, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:25-CV-283 (CDL) |
| ASHLEY S. BELL and THOMAS TOMBLIN, | * |
| | * |
| Defendants. | * |

O R D E R

Henry Edward Rayford filed this action in the Superior Court of Muscogee County, Georgia. He asserts claims against Defendants Ashley Bell and Thomas Tomblin under 42 U.S.C. § 1983 for alleged violations of his Fourth, Fifth, and Sixth Amendment rights. He also brings a state law malicious prosecution claim based on the same underlying facts. Bell was served with a copy of the summons and complaint on August 28, 2025. Sheriff's Entry of Service – Bell, ECF No. 1-1 at 61. Less than thirty days later, Bell and Tomblin jointly filed a notice of removal based on federal question jurisdiction. Notice of Removal, ECF No. 1 (stating that "Defendants Thomas Tomblin . . . and Ashley Bell . . . respectfully submit this Notice of Removal"). Although Defendants asserted in the Notice of Removal that only Bell had been served with process in accordance with the law at the time of filing, Rayford contends that Tomblin was served on August 29, 2025.

Sheriff's Entry of Service – Tomblin, ECF No. 7-3. Rayford argues that the notice of removal's incorrect statement that Tomblin had not yet been served means that unanimous consent did not exist for removal and that this action must be remanded to state court.

In an action like this one that is removed under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Rayford argues that because Defendants' Notice of Removal erroneously states that Tomblin had not been served by the time of the removal, the notice of removal was defective for failure to obtain consent from all defendants who were properly joined and served. But, as discussed above, both Tomblin and Bell joined in the removal of the action, so § 1446(b)(2)(A)'s unanimity requirement is met. Thus, Rayford's asserted basis for remand fails, and the Court denies his motion to remand (ECF No. 7).

To the extent that Rayford contends the Court should decline to exercise supplemental jurisdiction over his state law malicious prosecution claim and remand it, the Court finds no compelling reason to decline jurisdiction over that claim. *See* 28 U.S.C. § 1367(c)(1)-(2), (4) (permitting a district court to decline to exercise supplemental jurisdiction over a state law claim if exceptional circumstances exist, if the state law claim raises a novel or complex issue of State law, or if the state law claim substantially predominates over the federal law claims).

The Court also denies Rayford's motion to stay the scheduling order deadlines (ECF No. 9).  If Rayford seeks an extension of any deadlines, he may file a motion to amend the scheduling order, setting forth good cause for the amendment.  Before filing a motion to amend the scheduling order, Rayford's counsel should confer in good faith with Defendants' counsel to try to reach an agreement on the proposed amendment.

IT IS SO ORDERED, this 23rd day of October, 2025.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
