IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| HENRY EDWARD RAYFORD, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:25-CV-283 (CDL) |
| ASHLEY S. BELL, THOMAS TOMBLIN, and COLUMBUS CONSOLIDATED GOVERNMENT, | * * | |
| Defendants. | * | |

O R D E R

Henry Rayford asserts that Columbus Police Officer Thomas Tomblin arrested him without probable cause and that Assistant District Attorney Ashley Bell prosecuted him without probable cause. Defendants seek summary judgment on all of Rayford's claims, arguing that Rayford's false arrest and false imprisonment claims against Tomblin are time-barred, his malicious prosecution claim against Tomblin fails, his claims against Bell are barred by prosecutorial immunity, and his claims against Columbus Consolidated Government fail because Rayford did not establish a basis for municipal liability. For the reasons set forth below, the Court grants the summary judgment motion (ECF No. 25).

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

Rayford asks the Court to stay its ruling on the summary judgment motion under Federal Rule of Civil Procedure 56(d), asserting he is unable to present facts essential to justify his opposition to the summary judgment motion because Defendants did not timely respond to his interrogatories.[1] First, Rayford did not clearly explain what facts he could not rebut absent the interrogatory responses or additional discovery. Second, Rayford acknowledges that he received the interrogatory responses before he filed his response to Defendants' summary judgment motion. For these reasons, the Court finds that Rayford did not establish that he is entitled to a stay or other relief under Rule 56(d).

[1] Once Rayford realized that the interrogatory responses were late, he did not file a motion to compel. Instead, he waited until his summary judgment response was due to raise the issue.

FACTUAL BACKGROUND

Viewed in the light most favorable to Rayford, the present record reveals the following facts.

Columbus Police Department Corporal Thomas Tomblin responded to a call about a dispute at the Vista Convenience store in Columbus, Georgia on June 1, 2021. Norine Simmons reported to Tomblin that her then-boyfriend Henry Rayford, with whom she lived, was upset because his vehicle had broken down. Simmons also reported that Rayford yelled at her, grabbed her by the neck with both hands, and choked her for one or two seconds. Simmons went into the store, and Rayford followed her. A store employee told Tomblin that Rayford grabbed Simmons and repeatedly tried to get her to leave with him, but Simmons told Rayford to leave her alone. Another witness told Tomblin that Rayford was yelling at Simmons and Simmons was trying to get away from him, but Rayford would not take no for an answer.

After interviewing the witnesses, Tomblin and other officers went to Rayford's home on June 1, 2021, and arrested him for aggravated assault (family violence) and false imprisonment. Rayford was scheduled for a hearing in recorder's court on June 2, 2021. On February 24, 2022, a Muscogee County grand jury returned a true bill of indictment against Rayford, charging him with "Aggravated Assault, Family Violence" and "Battery, Family Violence" based on the June 1, 2021, incident, and the indictment

stated that Rayford assaulted Simmons by "placing both hands around her neck and choking her." Rayford Dep. Ex. 5, Indictment (Feb. 24, 2022), ECF No. 27-5. Rayford asserts that the original indictment was for "Felony Battery – 3rd or subsequent offense against same person" based on the choking incident and "Aggravated Assault" based on Rayford trying to force Simmons to leave the store with him, but there were some errors when the information was entered into the superior court's electronic filing system. During a hearing, Assistant District Attorney Ashley Bell stated on the record that the "Felony Battery – 3rd or subsequent offence" charge should have been a misdemeanor battery family violence charge. Hr'g Tr. 13:24-16:17 (Aug. 9, 2023), ECF No. 27-6.

On August 9, 2023, Rayford pleaded guilty to misdemeanor battery family violence. During the plea hearing, Bell recounted the facts giving rise to the charge. *Id.* at 3:14-4:23. Rayford admitted that there was a factual basis for the charge, and he admitted that he was guilty of the charge. *Id.* at 9:21-10:2. Rayford was sentenced to twelve months in jail, with credit for time served. Because Rayford pleaded guilty to the battery charge, Bell agreed to nolle prose the aggravated assault charge.

Rayford filed this action on August 7, 2025. He asserts the following claims: (1) 42 U.S.C. § 1983 claims against Tomblin based on alleged constitutional violations arising from the June 1, 2021, arrest, (2) § 1983 claims against Bell based on alleged

constitutional violations arising from the prosecution of Rayford, and (3) § 1983 claims against Columbus Consolidated Government based on the conduct of Tomblin and Bell. In July 2026, after Defendants filed their summary judgment motion and nearly a year after he filed this action, Rayford filed a motion in the Muscogee County Superior Court to set aside his conviction. To date, there has been no ruling on that motion.

DISCUSSION

## I. Rayford's Claims Against Tomblin

Rayford's § 1983 claims against Tomblin are for false arrest, false imprisonment, and malicious prosecution. Tomblin argues that the false arrest and false imprisonment claims are time-barred, and the malicious prosecution claim fails because the underlying proceedings have not terminated in Rayford's favor.

Rayford's § 1983 claims are subject to Georgia's two-year statute of limitations governing personal injury actions. *Johnson v. Paulding Cnty.*, 780 F. App'x 796, 798 (11th Cir. 2019) (citing O.C.G.A. § 9-3-33). "The statute of limitations for claims brought under § 1983 begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant." *Id.* False arrest and false imprisonment claims based on an arrest without a warrant accrue "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *White v. Hiers*, 652 F. App'x 784, 786 (11th

Cir. 2016) (per curiam) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2001)). In general, false arrest and false imprisonment claims accrue when the arrestee becomes held pursuant to legal process, such as when he is bound over by a magistrate or arraigned on charges. *Id.* Defendants did not point to evidence of when Rayford became held pursuant to legal process. Presumably, it was June 2, 2021, the date of his recorder's court hearing. *See Johnson*, 780 F. App'x at 799 (noting that the Fourth Amendment requires that judicial determinations of probable cause must be conducted within 48 hours of a warrantless arrest). Even if Rayford did not become held pursuant to legal process until the date of his indictment, his false arrest and false imprisonment claims accrued, at the latest, on February 24, 2022. Rayford did not file this action until three and a half years later, on August 7, 2025. Accordingly, Rayford's false arrest and false imprisonment claims against Tomblin are time-barred. Tomblin is entitled to summary judgment on those claims.

Rayford's other claim against Tomblin is for malicious prosecution. To establish a Fourth Amendment malicious prosecution claim against Tomblin, Rayford must show that he was seized under legal process, the legal process justifying his seizure was constitutionally infirm, the prosecution terminated in Rayford's favor, and the seizure would not otherwise be justified without the legal process initiated by Tomblin. *Gervin v.*

*Florence*, 139 F.4th 1236, 1248 (11th Cir. 2025). Rayford cannot establish the favorable termination element because he pleaded guilty to the battery charge. The conviction has not been overturned. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), "a plaintiff cannot bring a § 1983 claim after being convicted of a criminal offense that arises from the same acts that underlie the civil suit." *Hoffman v. Beseler*, 760 F. App'x 775, 779 (11th Cir. 2019) (per curiam) (citing *Heck*, 512 U.S. at 487).[2] "This is because these kinds of claims necessarily imply the invalidity of the underlying conviction, which undermines the finality of convictions." *Id.* Thus, to "succeed where there is an underlying criminal conviction that would be undermined by § 1983 relief," a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* (quoting *Heck*, 512 U.S. at 486-87).

Here, Rayford acknowledges that he pleaded guilty to the battery charge and that the prosecutor agreed to nolle prose the aggravated assault charge because of that guilty plea. Rayford also admits that his conviction has not been vacated or overturned.

---

[2] This year, the Supreme Court reaffirmed that "*Heck* prohibits the use of § 1983 to challenge the validity of a prior conviction or sentence so as to obtain release from custody or monetary damages," although *Heck* does not have any bearing on a "suit seeking a purely prospective remedy." *Olivier v. City of Brandon*, 607 U.S. 552, 556 (2026).

Accordingly, Rayford cannot prove the favorable termination element of his malicious prosecution claim, and the claim fails for that reason. Rayford urges the Court to stay this action and wait to see if the Muscogee County Superior Court grants his motion to vacate the conviction. The Court declines to do so. At present, Rayford cannot establish an essential element of his malicious prosecution claim. Accordingly, Tomblin is entitled to summary judgment on this claim.[3]

## II. Rayford's Claims Against Bell

In addition to his § 1983 claims against Tomblin, Rayford asserts a § 1983 malicious prosecution claim against Bell. A prosecutor like Bell is immune from liability under § 1983 for her actions "'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" *Mikko v. City of Atlanta*, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Rayford's § 1983 malicious prosecution claim against Bell appears to be based on her conduct in drafting and presenting the indictment—conduct that is protected by absolute prosecutorial immunity. Even if Bell were not protected by prosecutorial immunity (which she is), the

[3] A cause of action for malicious prosecution does not even accrue "until the criminal proceedings have terminated in the plaintiff's favor." *Heck*, 512 U.S. at 489. If Rayford convinces the Superior Court to vacate his conviction, the favorable termination element will not be an impediment to a new malicious prosecution claim.

malicious prosecution claim against her would still fail because Rayford cannot prove the favorable termination element. Accordingly, Bell is entitled to summary judgment on the § 1983 claim against her.

**III. Rayford's Claims Against the Columbus Consolidated Government**

Rayford also asserts claims against the Columbus Consolidated Government ("CCG") based on the acts and omissions of Tomblin and Bell. As discussed above, the § 1983 false arrest and false imprisonment claims based on Tomblin's 2021 conduct are time-barred. Thus, CCG is entitled to summary judgment on those claims. The § 1983 malicious prosecution claims against Tomblin and Bell fail because Rayford cannot prove the favorable termination element of the claims. For the same reason, CCG is entitled to summary judgment on any § 1983 malicious prosecution claims arising from Tomblin or Bell's conduct.

CONCLUSION

For the reasons set forth above, Defendants are entitled to summary judgment on all of Rayford's § 1983 claims. The Court thus grants Defendants' summary judgment motion (ECF No. 25).[4] Rayford's motion for a written order (ECF No. 35) is terminated as moot. The Court denies Rayford's motion for reconsideration of

[4] Rayford's complaint appears to assert only federal claims under § 1983. To the extent that Rayford asserted any state law claims against Defendants, the Court declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

the order denying his motion for a stay of proceedings pending a decision in the Superior Court of Muscogee County (ECF No. 36) because Rayford did not demonstrate grounds for reconsideration, such as a change in controlling law, newly discovered evidence, or a clear error of law or fact.

IT IS SO ORDERED, this 20th day of November, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA